CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Dennis Price, Esq., SBN 279082
Amanda Seabock, Esq., SBN 289900
8033 Linda Vista Road Suite 200
San Diego CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

Michael D. Welch (SBN: 111022)
MICHAEL WELCH + ASSOCIATES
770 L Street, Suite 950
Sacramento, CA. 95814
Telephone: (916) 449-3930
Facsimile: (916) 449-3930

Attorney for Defendants

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson**, | Case No. 5:18-cv-07253-SVK |
| Plaintiff, | |
| v. | **Joint Case Management Statement** |
| **John M. Morgin**, in individual and representative capacity as trustee of The Morgin 2009 Revocable Trust dated March 12, 2009; **Asian Pacific Industries, Inc.**, a Washington Corporation; and Does 1-10, | Date:   November 5, 2019  Time:   9:30 a.m.  Honorable Judge Susan van Keulen |
| Defendants | |

The parties jointly submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California dated November 1, 2014 and Civil Local Rule 16-9.

1

Joint Case Management Statement                                           5:18-cv-07253-SVK

**1.     Jurisdiction & Service**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

This court has supplemental jurisdiction over the claims brought under the Unruh Act pursuant to 28 U.S.C. § 1367(a) as the claims arise from the same incident.

Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

The complaint has been duly served on Defendant John M. Morgin on or about December 31, 2018 and on Defendant Asian Pacific Industries, Inc. on or about December 28, 2018.

**2.     Facts:**

Plaintiff: Scott Johnson is a level C-5 quadriplegic. He cannot walk and also has significant manual dexterity impairments. He uses a wheelchair for mobility and has a specially equipped van. Defendant John M. Morgin, in individual and representative capacity as trustee of The Morgin 2009 Revocable Trust dated March 12, 2009, owns the real property located at or about 4040 Stevens Creek, San Jose, California. Defendant Asian Pacific Industries, Inc. owns Jaguar Stevens Creek ("Jaguar") located at or about 4040 Stevens Creek, San Jose, California.

Even though there was a parking space marked and reserved for persons with disabilities in the parking lot serving Jaguar during Plaintiff's visits, the parking stall and access aisle are not level with each other. The parking stall and access aisle have cross slopes and running slopes greater

than 2.1%. In addition to not having a level parking space, the parking stall did not have the required signage bearing the International Symbol of Accessibility logo, "Minimum Fine $250" and tow-away signage. The transaction counter at Jaguar was about 42 inches in height. There was no lowered, 36 inch portion of the transaction counter at Jaguar for use by persons in wheelchairs to conduct transactions. The service counter located in the parts department was about 42 inches in height. There was no lowered, 36 inch portion of the service counter for use by persons in wheelchairs. The ramps that ran up to the entrances did not have a level landing on the day of plaintiff's visits. The ramps terminated at the door and there were no level landings whatsoever. Additionally, the ramps had slopes of as much as 10%. The entrance door hardware at Jaguar had a panel style handle that required tight grasping to operate during plaintiff's visits.

Defendant's failure to provide for level parking, level landing, lack of accessible parking space, transaction counter, service counter and door hardware at the Jaguar is discriminatory against the plaintiff; and therefore, violates the plaintiff's rights under the American with Disabilities Act and the Unruh Civil Rights Act. Plaintiff seeks injunctive relief and the statutory minimum damage award.

<u>Defendant</u>: disputes these allegations.

### 3.   Legal Issues

The disputed legal issues are: (1) Whether the defendant's property meets the minimum standards of the ADA; state disability laws and other codes; (2) whether the defendants are responsible under the law to remove barriers; (3) whether the barriers are readily achievable to remove; (4)

whether the plaintiff has standing to seek either damages or injunctive relief; and (5) the nature and extent of damages, if any.

## 4. Motions

<u>Plaintiff</u>: anticipates filing a motion for partial summary judgment on the issue of duty and liability under the ADA and the Unruh Civil Rights Act. This will happen after the necessary depositions are taken in this case.

<u>Defendant</u>: None.

## 5. Amendment of Pleadings

<u>Plaintiff</u>: Plaintiff intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barrier removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.,* (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1 Imports (US) Inc.,* 631 F.3d 939 (9th Cir. 2011).

<u>Defendant</u>: do not anticipate amendment of pleadings.

## 6. Evidence Preservation

The Parties agree to make efforts to preserve all discoverable information, regardless of the format in which it is kept (email, database, paper file, etc.).

The parties are unaware of any issues in this regard at this time.

//

//

**7.     Disclosure**

The Parties do not seek any changes to the form or requirements for initial disclosures. The parties have exchanged initial disclosures.

**8.     Rule 26 Discovery Plan**

1. Discovery Subjects

Plaintiff intends to seek discovery related to: (1) the ownership and operation of the business; (2) the lack of level parking, level landing, lack of accessible parking space, transaction counter, service counter and door hardware at the Jaguar; (3) changes or modifications to the property; (4) the feasibility of providing access to persons with disabilities. Plaintiff intends to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of Defendant and to conduct an expert site inspection.

Defendant: None.

The Parties do not propose to conduct discovery in phases. The parties consent to receive by e-mail all discovery responses that are capable to be received via electronic means and propose a discovery cut-off date of October 12, 2020.

2. Changes in Limitations on Discovery

Plaintiff: Plaintiff requests that rule FRCP 33(a)(1) limits be increased to 45 for both parties. Plaintiff otherwise requests no deviation from the Federal and Local Rules.

Defendant: None.

9.  **Class Actions**

    N/A.

10. **Related Cases**

    The Parties are unaware of any related cases.

11. **Relief**

    Plaintiff: claims injunctive relief, attorney fees and damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

    Defendant: no dispute.

12. **Settlement and ADR**

    Joint Site Inspection was conducted on March 27, 2019 and the Notice of Need for Mediation was filed on May 8, 2019 as required by General Order 56 and this Court's Scheduling Order. The matter was provisionally settled on July 24, 2019. The parties submitted a notice of settlement to this Court on July 25, 2019. However, despite multiple attempts, and diligent action by the plaintiff, settlement has not been consummated and plaintiff moved to have this case reopened.

13. **Consent to Magistrate Judge for All Purposes**

    The parties consent to have a Magistrate Judge preside over this case.

//

**14.  Other References**

None

**15.  Narrowing of issues**

None

**16.  Expedited Trial Procedure**

The parties do not believe that this case is suitable for an expedited schedule.

**17.  Scheduling**

The parties propose:

The date for Disclosures of Expert Witness as August 31, 2020

Discovery Cut-Off of October 12, 2020

Law and Motion Cut-Off of November 9, 2020

Pre-trial Conference date of December 21, 2020

Trial date of January 5, 2021

**18.  Trial**

<u>Plaintiff</u>: has requested a Court trial and anticipates a 2-3 day trial.
<u>Defendant</u>: has requested jury trial.

**19.  Disclosure of Non-Party Interested Entities or Person**

<u>Plaintiff</u>: There are no interested parties other than the Plaintiff.
<u>Defendant</u>: There are no interested parties other than the Defendant.

**20. Professional Conduct**

Counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other Matters**

None

Dated: October 29, 2019                    CENTER FOR DISABILITY ACCESS

By: */s/Amanda Lockhart Seabock*
Amanda Lockhart Seabock
Attorney for Plaintiff

Dated: October 29, 2019                    MICHAEL WELCH + ASSOCIATES

By: */s/Michael D. Welch*
Michael D. Welch
Attorney for Defendant

## **SIGNATURE ATTESTATION**

I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this document's content and have authorized the filing of this document with the use of their electronic signature.

Dated: October 29, 2019                    CENTER FOR DISABILITY ACCESS

                                          By: */s/Amanda Lockhart Seabock*
                                          Amanda Lockhart Seabock
                                          Attorney for Plaintiff

# EXHIBIT A

# PROPOSED SCHEDULE OF PRETRIAL & TRIAL DATES

| Matter | Weeks Before Trial | Parties Request |
|---|---|---|
| Last Day for Hearing on Motion to Add Parties and Amend Pleadings **(Monday at 10:00 a.m.)** | 25 | 7/13/2020 |
| Non-Expert Discovery Cut-Off | 15 | 9/21/2020 |
| Expert Discovery Cut-Off | 12 | 10/12/2020 |
| Last Day to Conduct Settlement Proceedings | 10 | 10/26/2020 |
| Last Day for Law and Motion Hearings | 8 | 11/9/2020 |
| Final Pretrial Conference **(Monday at 1:30 p.m.)** | 2 | 12/21/2020 |
| Last Day for Filing Proposed Findings of Facts and Conclusions of Law (if court trial) | 1 | 12/28/2020 |
| Exhibit Conference **(Friday at 3:00 p.m.)** | Friday before Trial | 1/1/2021 |
| Trial **(Tuesday at 9:00 a.m.)** | | 1/5/2021 |